IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FILED**
NOV 13 2003
Date                Time
CLERK OF COURT
MIDDLE ... FLORIDA
TAMPA, FLORIDA

KAREN WHITE,

    Plaintiff,

vs.                              CASE NO.: 8:03CV1799T26MSS

PURDUE PHARMA, L.P.,

    Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, KAREN WHITE, sues the Defendant, PURDUE PHARMA, L.P., and alleges as follows:

1. This is an action for damages under Florida Whistleblower's Statute, Fla. Stats. §448.101, et seq. (Whistleblower Statute).

2. The Court's jurisdiction is invoked pursuant to diversity jurisdiction.

3. The Defendant is a foreign corporation authorized to conduct business within the geographical jurisdiction of this Court, and is an "employer," as defined in §448.101(3), Fla. Stat.

4. Plaintiff is a resident of Polk County, Florida, and at all times relevant to this action, was an employee of the Defendant, as defined in §448.101(2), Fla. Stat.

5. Plaintiff was employed as a Sales Representative from January 1998 until she was terminated from her position on or about August 12, 2002.

6. Prior to her employment being terminated by the Defendant, the Plaintiff objected to, and/or refused to participate in, an illegal activity, policy, or practice of the Defendant. Specifically, but not as a limitation, the Plaintiff informed her

23

manager that she refused to contact or sell the Defendant's product to certain doctors who were illegally over prescribing the narcotic Oxycontin, and refused to promote medically unnecessary increases in dosage of the drug.

7. As a direct and proximate result of the Plaintiff's objection and/or refusal to participate, as described in Paragraph Six, above, the Defendant terminated the Plaintiff's employment. Such conduct by the Defendant violates the Whistleblower Act, specifically §448.102(3), Fla. Stat.

8. As a result of the Defendant's illegal retaliatory conduct as specifically described in Paragraph Seven, above, the Plaintiff has suffered, and continues to suffer the loss of income and the value of fringe benefits she would have received had her employment not been terminated by the Defendant. In addition, the Plaintiff has suffered, and continues to suffer from emotional distress, mental anguish, humiliation and the loss of the enjoyment of life.

9. WHEREFORE, the Plaintiff prays:

    a. That the Court take jurisdiction over this action;

    b. That the Court order the Defendant to reinstate the Plaintiff to her former position or to an equivalent position; or in the alternative, award the Plaintiff front pay;

    c. That the Court award the Plaintiff her lost pay and the value of her lost fringe benefits;

    d. That the Court award the Plaintiff compensatory damages; and

    e. That the Court award the Plaintiff the costs of this action, including a reasonable attorney's fee.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on this the 12th day of November, 2003, via First Class U.S. Mail, on Patricia E. Lowry, David I. Spector, Dori K. Stibolt, Steel Hector & Davis LLP, 1900 Phillips Point West, 777 South Flagler Drive, West Palm Beach, Florida. 33401-6198.

ROBERT F. McKEE
Florida Bar Number 295132
MELISSA C. MIHOK
Florida Bar Number 555851
KELLY & McKEE, P.A.
1718 E. 7th Avenue, Ste. 301 (33605)
P.O. Box 75638
Tampa, Florida 33675-0638
(813) 248-6400
(813) 248-4020 Facsimile