UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN WHITE,

Plaintiff,

vs.                                                        Case No. 8:03-cv-1799-MSS

PURDUE PHARMA, INC.,

Defendant.

_____/

## ORDER

This cause comes on for consideration upon the filing of Plaintiff's Motion to Vacate Consent Protective Order of Confidentiality (Dkt. 164), Defendant's Memorandum of Law in Opposition (Dkt. 171), Defendant's Motion for Taxation of Costs (Dkt. 167), Defendant's Bill of Costs (Dkt. 166), Defendant's Notice of Documentation in Support of Bill of Costs (Dkt. 176), and Plaintiff's Memorandum in Opposition (Dkt. 172). The Court has considered the above pleadings and **ORDERS** that Plaintiff's Motion to Vacate Consent Protective Order of Confidentiality (Dkt. 164) is **DENIED**; Defendant's Motion for Taxation of Costs (Dkt. 172) is **GRANTED IN PART** and **DENIED IN PART**, as set forth below.

## I.    PLAINTIFF'S MOTION TO VACATE CONSENT PROTECTIVE ORDER

On January 7, 2004, the District Judge entered a Consent Protective Order (the "Protective Order") (Dkt. 24) stating that Plaintiff and Defendant "have shown good cause" for entry of the Order. The Protective Order, submitted by agreement of the parties, provides, in part, that documents designated as "confidential" by either party shall not be disclosed to persons other than

those involved with the litigation of the case. Now, after completion of a jury trial which resulted in a verdict in favor of Defendant, Plaintiff requests that the Court vacate the Protective Order in its entirety. In the alternative, Plaintiff requests that the Court exempt all trial exhibits, trial testimony, and deposition testimony from the reach of the Protective Order.

Plaintiff argues that the Court should vacate the Protective Order in the interest of public access to court documents and the litigation process in general. Defendant objects to a process whereby Plaintiff can induce the production of sensitive and proprietary information by agreeing to the entry of a protective order and then later seek to vacate that order in its entirety. Defendant argues that Plaintiff is estopped from raising access arguments and that Defendant has shown good cause for the continued application of the Protective Order.

A trial court has the power and discretion to modify a protective order. SRS Technologies. Inc. v. Physitron. Inc., 216 F.R.D. 525, 529 (N.D. Ala. 2003)(applying a balancing test and determining that no sufficient justification existed to modify a protective order agreed to by the parties). In making such a determination. some courts have performed a balancing test and looked at the reliance of the parties on the protective order and the importance of confidentiality orders to the discovery process. See id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790 (3d Cir. 1994) and Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L. Rev. 427, 499-500 (1991)). Here, the Protective Order provides that any party who does not believe that a "confidential" designation by the other side is appropriate may "challenge such designation by notifying the Designating Party in writing at any time prior to thirty (30) days before the first deadline for exhibit lists for any party." There is no allegation by Plaintiff that she ever objected to the designation of documents as "confidential" as required by the above provision.

2

Plaintiff states that she "did not feel the protective order was necessary" but that "in the interest of resolving a potential dispute with the Defendant, the Plaintiff agreed to the terms of the protective order." Defendant states that it produced 5,066 pages of confidential documents in reliance on the Protective Order. Further, the Protective Order was in place when the Court granted Plaintiff's Motions to Compel the production of discovery and no concomitant motion was filed to seek relief from the constraints of the Protective Order. Under the circumstances presented, the Court finds that Defendant relied upon the agreed Protective Order in producing confidential documents and Plaintiff relied on the Order to induce more open disclosure. Plaintiff has not offered any valid reason for the Court to overturn its prior order and provide unfettered access by the public to the confidential documents provided by Defendant in reliance on that Order. See e.g. Longman v. Food Lion, Inc., 186 F.R.D. 331, 333-34 (M.D. N.C. 1999)(denying the plaintiffs' request to modify the protective order when plaintiffs agreed to the terms of the protective order and did not challenge the confidentiality designations during discovery).

In regard to the public "right to know" invoked by Plaintiff, the "public" with a valid interest and need to know can pursue access to Defendant's documents directly from Defendant through such means as are available under law, if any. In that instance, Defendant can respond and in so doing invoke privileges or protections afforded to such disclosure in the proper context. The case law cited by Plaintiff does not involve parties who originally agreed to a confidentiality order but later sought release from that confidentiality agreement after the conclusion of trial. Rather, the cases reflect the procedure suggested by this Court. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 604-08 (1978)(finding no immediate right on behalf of the press to access the Watergate tapes residing with the court where Congress had specifically provided for an alternative means of public access

3

by appointing a custodian to handle the preservation and processing of the tapes); see also Chicago

Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001)(remanding to the district

court to perform a Rule 26 good cause evaluation where the media sought to obtain sealed court

documents). Further, Plaintiff argues that a determination of good cause must now be performed by

the Court because the original protective order was stipulated to by the parties. See Chicago Tribune

Co., 263 F.3d at 307. In Chicago Tribune Co., however, the media sought to obtain documents after

the parties stipulated to an agreed protective order and had settled their case. Here, the parties

stipulated to the protective order and to a showing of good cause. Plaintiff cannot now be heard to

argue that no good cause exists. See Longman, 186 F.R.D. at 334 (stating that it is "not appropriate

to allow a party to agree to a protective order, only to attempt to undo their agreement at the last

possible moment"). Accordingly, Plaintiff's request that the Protective Order be abandoned in its

entirety is **DENIED**.

   With respect to the trial exhibits and trial testimony, including depositions read into evidence,

Plaintiff contends that Defendant must make a "most compelling showing" for protection from

disclosure of these court records. The Protective Order provides that the Order is not intended to

prohibit the introduction of material at trial and that "[i]ssues involving the protection of

Confidential Information during trial will be presented to the Court prior to or during trial as each

party deems appropriate." Defendant correctly notes that it never moved at trial to protect any such

information. Defendant further states that it does not intend to assert the confidentiality of any

documents introduced at trial. Accordingly, the Court finds that the trial exhibits and trial testimony,

including depositions read into evidence, are no longer subject to the Protective Order; and therefore,

Plaintiff's arguments with respect to same are moot.

4

## II.    DEFENDANT'S MOTION TO TAX COSTS

### A. Background

On February 11, 2005, Defendant obtained a favorable judgment in the above-styled civil action pursuant to a unanimous jury verdict. (Dkt. 162). On February 23, 2005, Defendant, as the prevailing party, filed a verified, post-judgment bill of costs, pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920 and Florida Statute § 448.104 seeking taxation of costs against Plaintiff in the amount of $84,992.19. (Dkt. 166). Defendant seeks costs as follows: (1) $150.00 for fees of the clerk; (2) $262.00 for fees for service of summons and subpoena; (3) $17,714.29 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; (4) $2,421.80 for fees for witnesses, including trial witnesses; (5) $6,564.92 for fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) $57,879.18 in "other costs" for computerized legal research and mediation fees. Plaintiff raises several objections with respect to Defendant's request for costs. Specifically, Plaintiff argues that: (1) Defendant failed to attach any supporting documentation to establish the costs requested; (2) Defendant is not entitled to recover the actual cost of private process service; (3) Defendant is not entitled to recover the costs of the expedited daily trial transcript, the pretrial hearing transcript, Plaintiff's deposition transcripts from other cases, or the costs charged by LegalLink Manhattan for the deposition transcripts of Plaintiff and Dr. McClane; (4) Defendant is not entitled to recover the expert witness fee for Dr. McClane or the travel costs for Defendant's trial witnesses; (5) Defendant is not entitled to recover all of the requested copying costs; and (6) Defendant is not entitled to recover as costs its mediation fees and computerized legal research fees. The Court notes that

5

Defendant has supplemented its Bill of Costs with documentation to support its request for costs. Therefore, the Court need not address Plaintiff's first argument.

## B.    Standard for Taxation of Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees <u>shall be allowed as of course</u> to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1) (emphasis added). Thus, there is a presumption in favor of awarding costs to the prevailing party. <u>See</u> <u>Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.</u>, 249 F.3d 1293, 1296 (11th Cir. 2001). A court may only tax costs "as authorized by statute." <u>E.E.O.C. v. W & O, Inc.</u>, 213 F.3d 600, 620 (11th Cir. 2000)(citing <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987), <u>superseded on other grounds</u>, 42 U.S.C. §1988(c) (1991)).

Title 28 United States Code Section 1920, sets forth the expenses a federal court may tax as costs under the discretionary authority granted by Fed. R. Civ. P. 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Against this legal standard, the Court addresses Plaintiff's objections to specific costs which Defendant, as the undisputed prevailing party, seeks to tax in this case.

## C. Plaintiff's Objections

### 1. Service of Subpoenas

Plaintiff objects to Defendant's request to tax costs in the amount of $262.00 in fees for the service of summonses and subpoenas. Plaintiff argues that the cost of service of three subpoenas in the amount of $262.00 is excessive and that Defendant is entitled to recover only $135.00 in service costs. In W & O, Inc., the Eleventh Circuit held that while private process server fees are recoverable as costs, those costs cannot exceed the fees authorized for the United States Marshal in 28 U.S.C. § 1921. W & O, Inc., 213 F.3d at 624. Further, the Court will not permit recovery for Federal Express or courier charges. See American Home Assurance Co. v. The Phineas Corp., 2004 WL 3142554, at *3 (M.D. Fla. 2004)(stating that section 1920 "makes no provision for postal, let alone Federal Express or courier, charges"). The fee for process served or executed personally by the United States Marshals Service is $45.00 per hour for each item served plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114. As it is unclear from Defendant's documentation whether service of the three summonses took over one hour, the Court will reduce Defendant's costs for service of the three subpoenas from $262.00 to $135.00 ($45.00 x 3 subpoenas).

### 2. Fees of the Court reporters

The cost of a transcript is recoverable if the transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920. Defendant seeks to recover $10,467.60 for the cost of a daily trial transcript. Defendant states that it obtained the trial transcripts to "prepare cross examination questions and its closing argument and in order to prepare its Motion for Judgment as a Matter of Law and its Renewed Motion for Judgment as a Matter of Law." Plaintiff argues that Defendant is not entitled to recover the cost of the daily trial transcript, particularly the expedited transcript,

7

because the transcript was not indispensable as the issues presented at trial were not overly complex. In In re Nissan Antitrust Litigation, 577 F.2d 910, 918 (5th Cir. 1978), cert. denied, 439 U.S. 1072 (1979), the court reversed an award of costs for expedited daily transcripts that were requested solely by the defendants as the court deemed the transcripts to be for the convenience of the defendants and not indispensable. In contrast, in Maris Distributing Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002), cert. denied, 537 U.S. 1190 (2003), the court upheld the award of costs for a daily trial transcript to the prevailing party in light of the complex nature and length of the antitrust trial. The court noted that the decision in In re Nissan did not *always* preclude the award of such costs. Id. The court qualified its holding, however, by stating, "we do not believe that the costs associated with expedited trial transcripts should be allowed as a matter of course, lest litigation costs be unnecessarily increased . . . ." Id. at 1226.

This case involved a five and one-half day jury trial regarding a whistle blower claim in which Plaintiff put on four witnesses and read two deposition transcripts into evidence. The Court finds that the level of complexity in this case did not rise to the level involved in Maris. Further, the Court finds that the daily transcripts were not indispensable to Defendant's effective cross examination efforts or Defendant's closing argument. See Farmer v. Arabian American Oil Co., 379 U.S. 227, 234 (1964)(upholding the district judge's refusal to tax costs for daily trial transcripts when they were not indispensable), disapproved on other grounds by Crawford Fitting Co., 482 U.S. at 443. Defendant had several able bodied attorneys present at the trial of this case. Their joint recollections of testimony would have provided ample information to permit effective cross-examine of the four live witnesses as well as to provide a detailed closing argument. Accordingly, Plaintiff's objection to Defendant's

recovery of the expedited trial transcripts in the amount of $10,467.60 is sustained. Defendant is not entitled to recover this cost.

Defendant seeks to recover $194.70 for the transcript of the October 12, 2004, pretrial hearing. Defendant states that it needed a written record of the Court's oral rulings and attached the transcript as an exhibit to its November 22, 2004, trial brief regarding Plaintiff's burden of proof at trial. The Court, however, entered a detailed written Order memorializing its oral rulings on October 28, 2004, almost one month prior to Defendant's November brief. (See Dkt. 90). Further, a review of Defendant's November 22, 2004, brief does not reflect that the transcript was attached as an exhibit. (See Dkt. 100). Accordingly, the Court finds that the transcript was not "necessarily obtained for use in the case" and Defendant is not entitled to recover costs in the amount of $194.70. See 28 U.S.C. § 1920; see also Perlman v. Feldman, 116 F. Supp. 102, 112 (D. Conn. 1953)(refusing to tax the cost of pretrial transcripts regarding hearings that did not involve the presentation of evidence and that were memorialized by an order of the court).

Plaintiff objects to the taxation of costs in the amounts of $1,840.25 and $531.30 for the deposition transcripts of Plaintiff taken in two other products liability cases pending against Defendant. See Moriarty v. Glueckert Funeral Jome, Ltd., 1999 WL 162792, at *2 (7th Cir. Mar. 11, 1999) (denying costs for a deposition transcript from another case when it was not used in the case at issue and granting costs for a deposition transcript from another case when it was used to make a collateral estoppel argument). While Defendant generally states that Purdue needed to "discover the substance of Plaintiff's testimony in order to prepare its defense." Defendant has failed to state that the deposition transcripts from the two independent cases were used in any specific manner in this case. Further, Defendant fails to indicate that the deposition transcripts contained any useful information

above and beyond that which Defendant obtained by taking Plaintiff's deposition in the case <u>sub</u> <u>judice</u>. Accordingly. The Court finds that these transcripts were not "necessarily obtained for use in this case" and Defendant is not entitled to recover those costs in the amounts of $1,840.25 and $531.30. <u>See</u> 28 U.S.C. § 1920.

Plaintiff objects to the "exorbitant" amounts charged by LegalLink Manhattan for the deposition transcripts of Plaintiff and Dr. McClane. Plaintiff argues that the Court should reduce the rates charged for these depositions to the Judicial Conference Rate of $3.30 per page instead of the actual charged rates of $4.25 and $4.30 per page. Plaintiff cites to <u>Riley v. UOP LLC</u>, 258 F. Supp. 2d 841, 844 (N.D. Ill. 2003) and <u>Cengr v. Fusibond Piping Systems, Inc.</u>, 135 F.3d 445, 456 (7th Cir. 1998) in support of her argument. The courts in <u>Riley</u> and <u>Cengr</u>, however, both cited to the applicable Local Rule for the Northern District of Illinois which limits the cost of transcripts to that established by the Judicial Conference. <u>Id.</u> Plaintiff has not cited to, and the Court has not found, any such local rule in the Middle District of Florida. Accordingly, the Court will not reduce the per page deposition fees charged by LegalLink Manhattan.

Courts in the Eleventh Circuit have refused to award costs, however, for disk copies, finding that the disks are solely for the convenience of counsel. <u>See</u> <u>Feinschreiber v. U.S.</u>, 2002 WL 31084156, at * 2 (S.D. Fla. Aug. 12, 2002)(citing <u>Price v. United Technologies Corp.</u>, Case No. 99-8152. 2000 U.S. Dist. Lexis 21504 (S.D. Fla. 2000)). Further. postage and shipping, including Federal Express charges, will not be permitted. <u>See e.g.</u> <u>American Home Assurance Co.</u>, 2004 WL 3142554, at *3. Accordingly. the Court will reduce the costs requested for the deposition transcripts by the cost of the ASCII disks. postage. FedEx, and copy charges reflected in the invoices. With respect to the LegalLink depositions. therefore. costs will be taxed in the amount of $1,923.47 for Plaintiff's

deposition ($2,530.87 minus the $520.50 charge for the ASCII and the $86.90 in FedEx charges) and $533.71 for Dr. McClane's deposition ($566.77 minus the $33.06 in FedEx charges). Further, with respect to the remaining depositions, the Court will reduce Defendant's recovery to $1,406.65 ($1,582.80 minus $176.15) to account for similar costs. Accordingly, the total costs taxed for deposition transcripts is $3,863.83.

### 3. Witness Fees

Plaintiff argues that Defendant's request for $550.00 for the expert witness fee for Plaintiff's expert, Dr. McClane, should be reduced to $40.00 because Dr. McClane was not appointed as an expert by the Court. 28 U.S.C. § 1920(6) provides for the compensation of court appointed experts. 28 U.S.C. § 1920(3) provides for the compensation of other witnesses. 28 U.S.C. § 1821 provides for a witness attendance fee of $40 per day for each day spent in court or at a deposition in addition to compensation for travel and subsistence. The Eleventh Circuit has determined that reimbursement to a prevailing party for fees paid to an opposing party's expert for appearance at a deposition in excess of the $40.00 per day fee is improper. Morrison v. Reichold Chemicals, 97 F.3d 460, 463 (11th Cir. 1996)(citing Crawford Fitting Co., 482 U.S. at 441). Therefore, costs for the appearance of Dr. McClane will be taxed in the amount of $40.00 rather than the requested $550.00. Accordingly, the total costs for witness fees are reduced from the requested $740.00 to $230.00.

Plaintiff argues that 28 U.S.C. §1821 does not authorize the Court to award the travel costs for Defendant's trial witnesses. Courts may award witness costs pursuant to 28 U.S.C. § 1920, and 28 U.S.C. § 1821 governs the *amount* of witness fees and mileage that must be provided. Crawford Fitting Co., 482 U.S. at 441, superseded on other grounds, 42 U.S.C. §1988(c) (1991); Goodwin

11

Brothers Leasing, Inc. v. Citizens Bank, 587 F.2d 730, 734 (5th Cir. 1979)[1]. Plaintiff argues that the transportation expenses of a witness who resides over 100 miles from the courthouse are not taxable as costs. First, the Court notes that two of Defendant's witnesses, David Denning and Erik Nordgren, did not travel over 100 miles each way. Plaintiff also argues that because these witnesses were not subpoenaed, Defendant is not entitled to recover any fees for their appearance. Plaintiff cites to no law to support this proposition. For these two witnesses, the Court will allow Defendant to recover actual mileage and the per diem rates of $93.00 for lodging and $43.00 for meals per day established by the United States General Services Administration ("GSA").

Further, the Court has discretion to award expenses incurred by witnesses residing outside of the 100 mile distance from the courthouse. See Farmer, 379 U.S. at 231-32, disapproved on other grounds by Crawford Fitting Co., 482 U.S. at 442-43; see also Smith v. Board of School Commissioners of Mobile County, 119 F.R.D. 440, 445 (S.D. Ala. 1988)(citing Goodwin Brothers Leasing, Inc., 587 F.2d at 734)); West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co., 834 F.2d 1232, 1237 (5th Cir. 1988). The Court finds that the remaining three witnesses, Christopher Sposato, Danielle Nelson and Windell Fisher, were necessary witnesses to Defendant's case and, although Defendant did not seek prior approval from the Court, the Court will allow Defendant to recover their witness fees, including their actual travel expenses as well as the above noted per diem rates. See Smith, 119 F.R.D. at 445 (taxing as costs all of the travel expenses claimed by the defendants for witnesses traveling over 100 miles even though prior approval of the court was not

---

[1]   The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to September 30, 1981, in Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981).

obtained where the testimony was necessary to the case). Accordingly, Defendant may recover the requested $1,681.80 in costs for all of their trial witnesses.

### 4. Fees for Exemplification and Copies

Plaintiff argues that Defendant has failed to itemize its request for copies and, thus, Plaintiff cannot discern whether the copies were necessary for litigation. Plaintiff also argues that Defendant's request should be denied because Defendant has failed to come forward with evidence showing the nature of the documents and how they were used. Plaintiff's arguments regarding Defendant's failure to provide documentation are moot because, as noted above, Defendant has supplemented its Bill of Costs with a Notice of Filing Documentation in Support of Defendant's Bill of Costs. Further, Plaintiff states that she objects to the copying fees "to the extent that any of the copies were created as a result of general copying, legal research, duplicating the Defendant's originals, or extra copies for the convenience of defense counsel, or copies that the Defendant cannot otherwise itemize."

Copies for "discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration" are all recoverable costs. American Home Assurance Co., 2004 WL 3142554, at *3 (citing DeSisto College, Inc. v. The Town of Howey-In-The-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). The Court finds that Defendant adequately described the nature of the copies for which it seeks reimbursement and that those copies fall into the categories listed above. The Court, however, will reduce the remaining copying costs sought by Defendant as described below.

Plaintiff argues that Defendant cannot charge an amount of $.30 per page for in-house copies when the copies could have been provided at an outsourced rate of $.11 per page as evidenced by Defendant's Bill of Costs. The Court agrees and finds that Defendant has not offered sufficient reason

to support recovery at a rate of $.30 per page when its outsourced copying costs by IKON Office Solutions were only $.11 per page. Accordingly, Defendant's request for costs in the amount of $707.10 for in-house photocopying is reduced to $259.27 (2357 copies at $.11 per page).

Plaintiff objects to paying $2,052.05 for five sets of Defendant's trial exhibits. Plaintiff states that she should not have to pay for what is termed an "original." The Court finds that although Defendant labeled one of its five sets of trial exhibits as "original," Defendant can properly recover for five trial exhibit copies. Defendant provided a copy for the Court, the Plaintiff, the witness, the record and preserved one for itself. Accordingly, the Court will not reduce Defendant's recovery for trial exhibit copies.

Plaintiff objects to paying $989.34 for documents produced by Defendant as Plaintiff claims that she has already reimbursed Defendant for these documents. Plaintiff also states that "to the extent that the $421.81 request for Palm Beach Copy Service is based upon documents already paid for by the Plaintiff during Initial Disclosures, that cost should likewise be denied." Plaintiff did not submit any documentation to support her claim that these copying costs have already been paid. In contrast, Defendant has submitted a verified Bill of Costs seeking recovery for unpaid items. Accordingly, the Court will award Defendant its request for copy expenses in the amount of $989.34 for "documents produced by Purdue" and $421.81 for "initial disclosure documents." Plaintiff, however, shall have ten (10) days from the date of this Order to submit an affidavit along with documentation confirming that these costs have already been paid. At such time, the Court will determine whether to modify its Order. In total, Defendant is entitled to recover costs in the amount of $6,117.09 in copying costs.

5.     **Other Costs**

a. **Computerized Legal Research**

Plaintiff objects to Defendant's request for $57,466.68 for computerized legal research. Defendant argues that although computer research costs are not taxable as ordinary costs, they may be allowed when the prevailing party is entitled to recover attorneys' fees. Defendant argues that because it is entitled to recover attorneys' fees under Fla. Stat. 448.104, the Court should award computerized research costs "either as attorneys' fees or costs." 28 U.S.C. § 1920 does not provide for the recovery of computer research as costs and, as such, computerized research is not a recoverable item under this statute. See Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996); see also Minnick v. Dollar Financial Group, Inc., 2002 WL 1023101, at *10 (E.D. Pa. May 20, 2002). Defendant cites to Roberts v. Charter National Life Insur. Co., 112 F.R.D. 411, 413 (S.D. Fla. 1986) and Haraco, Inc. v. American National Bank and Trust Co. of Chicago, 38 F.3d 1429, 1440 (7th Cir. 1994). The court in Roberts found that computerized legal research was not taxable as costs under § 1920 but suggested that it may be allowed in cases in which a prevailing party is entitled to attorneys' fees. Roberts, 112 F.R.D. at 413. In dicta, the Court in Haraco, Inc., indicated that computerized research may be awarded as attorney fees in certain circumstances, but it held that computerized research is not recoverable as costs under 28 U.S.C. § 1920. Haraco, Inc., 38 F.3d at 1440. Defendant is not entitled to recover its computer research costs under 28 U.S.C. § 1920. The Court need not analyze Defendant's argument that it is entitled to an award for computerized research as attorneys' fees. Defendant has not filed a motion for attorneys' fees. Accordingly, Defendant's request for taxation of costs in the amount of $57,466.68 for computer research is denied, without prejudice.

**b. Mediation Expenses**

Defendant agrees that the mediation expenses sought in the amount of $412.50 are not taxable as costs under 28 U.S.C. § 1920. Defendant argues. however, that it is entitled to recover its share of the mediator's expenses pursuant to Fla. Stat. § 448.104. which provides that a Court *may* award "reasonable attorney's fees. court costs. and expenses to the prevailing party." Defendant does not cite to any case law in which a court awarded mediation expenses pursuant to the Florida statute. Defendant does cite to <u>Martineau v. City of Concord</u>, 1994 WL 587832, at *4 (D. N.H. Oct. 24, 1994), a non-binding. unreported opinion where mediation costs and attorneys' fees were awarded to a prevailing ADEA plaintiff without citation to any supporting authority. In <u>George v. GTE Directories Corp.</u>, 114 F. Supp. 2d 1281. 1300 (M.D. Fla. 2000), on the other hand, the Court refused to tax mediation costs where the prevailing party failed to cite to any legal authority supporting the award of such costs. Here. even if mediation costs were recoverable under the Florida statute. this Court elects to use its discretion to deny the award of mediator fees because the mediation was required by the Court.  <u>See Nelson v. Liberty Life Assurance Co. of Boston</u>, 2005 WL 1181885. at *2 (M.D. Fla. May 17. 2005) (denying the defendant's request for court appointed mediator fees stating that "neither party should be rewarded or penalized for participating in a Court ordered alternative dispute resolution process").

In light of the above, it is **ORDERED** that the Clerk shall tax costs in favor of Defendant in the amount of **$12,177.72** as summarized below:

(1)     With respect to Fees of the Clerk, costs shall be taxed in the amount of **$150.00**;

(2)     With respect to Fees for service of Summons and Subpoena. costs shall be taxed in the amount of **$135.00**;

16

(3)     With respect to Fees of the Court Reporter, costs shall be taxed in the amount of **$3,863.83** ($1,923.47 for Plaintiff's deposition, $533.71 for Dr. McClane's deposition, and $1,406.65 for the remaining depositions). Plaintiff's objections to Defendant's requests for taxation of costs for the expedited trial transcript in the amount of $10,467.60, the pretrial transcript in the amount of $194.70 and Plaintiff's deposition transcripts from unrelated cases in the amounts of $1,840.25 and $531.30 are sustained;

(4)     With respect to Witness Fees, costs shall be taxed in the amount of **$230.00** (Defendant's requested witness fees of $740.00 minus $510.00 requested for Dr. McClane, to allow for only a $40.00 witness fee);

(5)     With respect to Fees for Witnesses at Trial, costs shall be taxed in the amount of **$1,681.80**;

(6)     With respect to Copying Fees, costs shall be taxed in the amount of **$6,117.09** ($259.27 for Defendant's in-house copying expenses and $5,857.82 for Defendant's remaining copying costs).

**DONE AND ORDERED** in Tampa, Florida on this 20th day of July, 2005.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record

17